# THE PEOPLE *ex rel.* Henry B. Miller, collector, etc.,

## *v.*

## JAMES OTIS.

1. TAXES AND TAXATION—*jurisdiction to render judgment.* It is the report of the collector that gives the court jurisdiction to act on an application for judgment against delinquent lands for taxes and assessments due thereon, and unless the law in respect to such report is substantially complied with, the court will have no authority to act.

2. SAME — *law to be strictly construed.* In summary proceedings to divest owners of title to their property, the law under which the same is sought, is to be strictly construed, and nothing is allowed to be taken by intendment merely. This rule applies on application for judgment against real estate for taxes and assessments due thereon.

3. Under the city tax act of 1873, the county collector, in applying for judgment against real estate for unpaid taxes or special assessments, must make a report of the delinquent list, verified by his affidavit, the same as under the general revenue law, and if such report and affidavit are substantially defective, or different from that required, the court will acquire no jurisdiction to render judgment.

4. SAME — *sufficiency of collector's affidavit.* An affidavit of a county collector, on application for judgment against delinquent lands and lots, that his report shows a complete list, etc., " as shown by the returns made by the city collector," to him, all of which taxes and special assessments he has been " unable to collect for want of authority of law," is materially different from the one required by law, and the court will acquire no jurisdiction to render judgment.

5. SAME — *statute construed as to errors and informalities.* The 191st section of the revenue law, as amended by the act, approved May 30, 1873, authorizing amendments and obviating the effect of omissions, errors, etc., cannot be held to waive a substantial compliance with those steps which are essential to give jurisdiction. It aids and obviates defects of form, but not of substance.

6. The statement of the valuation of the property upon which a tax is extended, in the collector's report or return, and the oath or affidavit required to accompany it, are substantial requirements.

APPEAL from the County Court of Cook county ; the Hon. M. R. M. WALLACE, Judge, presiding.

Mr. T. LYLE DICKEY, and Mr. FRANCIS ADAMS, for the appellant.

Messrs. TULEY, STILES & LEWIS, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

A number of cases are now before us, in which the questions discussed are the same as in this, and which must, consequently, be governed by the present opinion.

The questions arise upon an application by the county collector of Cook county to the county court of that county, at its July term, in 1874, for judgment for municipal taxes, special assessments and water assessments, claimed to be delinquent, and due to the city of Chicago. The several appellees appeared and defended against the proceedings, specifying in writing the particular causes of objection relied on. The court sustained the objections and refused to render judgment as asked by the county collector; and from these rulings the city caused appeals to be taken to this court.

The fifteenth section of the act entitled "An act in regard to the assessment of property and the levy and collection of taxes by incorporated cities in this State," approved April 15, 1873, which we shall hereafter, for convenience of designation, refer to as " the city tax act," requires the city collector, within such time as the city council may, by ordinance, provide, to make a report or return in writing, to the general officer of the county authorized and designated by the general revenue law of this State to advertise and sell lands for taxes due the county and State, of all the lands, town lots and real property on which he shall have been unable to collect taxes, special taxes and special assessments, due and unpaid respectively thereon. And the sixteenth section provides " when said general officer shall receive the report or return provided for in the preceding section, he shall proceed to obtain judgment against said lots, parcels of land and property, for said general taxes, special taxes and special assessments remaining due and

49—74TH ILL.

unpaid, in the same manner as may be by law provided for obtaining judgments against lands for taxes due and unpaid the county and State; and shall, in the same manner, proceed to sell the same for the said general taxes, special taxes and special assessments remaining due and unpaid. In obtaining said judgment and making said sale, the said officer shall be governed by the general revenue laws of this State, except when otherwise provided herein."

The general revenue law of 1872, in section 188, directs that the collector shall file with the county clerk the list of delinquent lands and lots, which shall be made out in numerical order, and contain all the information necessary to be recorded, at least five days before the commencement of the term at which application for judgment is to be made, and said clerk shall receive and record the same in a book to be kept for that purpose, which said book shall set forth the name of the owner, if known, the proper description of the land or lot, the year or years for which the tax or special assessment is due, the valuation upon which the tax is extended, the amount of each kind of tax or special assessment, the costs and total amount charged against such land or lot. Section 190 of the same law is as follows: " On the first day of the term at which judgment on delinquent lands and lots is prayed, it shall be the duty of the collector to report to the clerk all the lands or lots, as the case may be, upon which taxes and special assessments have been paid, if any, from the filing of the list mentioned in the foregoing section up to that time; and the clerk shall note the fact in the book in which the clerk has recorded the list, opposite each tract upon which such payments have been made.

" The collector, assisted by the clerk, shall compare and correct said list, and shall make and subscribe an affidavit, which shall be, as nearly as may be, in the following form:

" ' I, ——, collector of the county of ——, do solemnly swear (or affirm, as the case may be,) that the foregoing is a true and correct record of the delinquent lands and lots within the county of ——, upon which I have been unable to collect

the taxes (and special assessments, interest and printers' fees, if any,) charged thereon, as required by law, for the year or years therein set forth; that said taxes now remain due and unpaid, as I verily believe.'

"Said affidavit shall be entered on the record, at the end of the list, and signed by the collector."

It is conceded that the delinquent list filed by the county collector fails to conform to the requirement of section 188, in that the valuation upon which the taxes and special assessments are extended is omitted. The affidavit filed by the collector, also, instead of conforming to section 190, is different, and, so far as is necessary to be quoted, is as follows: " Also showing a complete list of all the real estate, lands, blocks, sub-lots, pieces and parcels of land upon which the municipal taxes, special assessments and water assessments, heretofore assessed and levied by authority of said city of Chicago, for the years A. D. 1872, A. D. 1871, A. D. 1870 and A. D. 1869, respectively, remain due and unpaid, together with the amounts of such taxes, special assessments and water assessments for such years respectively assessed and levied thereon, and so remaining due and unpaid, and the names of the owners thereof, so far as known, *as shown by the return made by the city collector of the said city of Chicago to the treasurer and ex-officio collector of Cook county, Illinois, pursuant to law,* all of which taxes, special assessments and water assessments contained in the foregoing list, *I have been unable to collect for want of authority of law,* and which are this day reported to the county clerk," etc.

It has been frequently held by this court, that the report of the collector is what gives the court jurisdiction to act on the application for judgment in such cases, and unless the law, in this respect, is substantially complied with, the court can have no authority to act in the case. *Morrill* v. *Swartz,* 39 Ill. 108; *Charles* v. *Waugh,* 35 id. 315; *Fox* v. *Turtle,* 55 id. 377; *Marsh* v. *Chesnut,* 14 id. 223.

But it is argued on behalf of the city, that the discrepancies

between the requirements of the law and the report of the collector are not such as to affect the jurisdiction of the court, because, it is said, where there is any fact which, by the general revenue law, is required to be contained in the delinquent list, on applicotion for State and county taxes, but which, by the city tax act, is not required to be contained in the report of the city collector, and which the county collector cannot himself know, then such fact must, of necessity, be omitted from the list filed by the county collector with the county clerk, and such omission does not vitiate the return. And this is claimed on the ground that the two laws, being in *pari materia*, must be construed together, and the latter referring directly to the former, the collector is only required to make his application in conformity with the former, as near as may be. If we comprehend the force of this position, it may be more clearly but fairly stated thus : Although the city tax act directs that the county collector shall proceed to obtain judgment in the same manner as may be provided by law for obtaining judgments against lands for taxes due and unpaid the county and State, except when therein otherwise provided ; and the general revenue law directs that, in order to obtain such judgment, a certain report, verified by a prescribed affidavit, shall be filed, and the city tax act neither dispenses with that report and affidavit, nor directs how the county collector shall obtain information from which he can intelligibly and truthfully make them, it must be held that it will be sufficient for the county collector to make another and different report, verified by affidavit, in accordance with the actual facts.

This assumes that the law must be sustained, and made to conform to what we may suppose to have been the purpose of its enactment, at all hazards, whether its provisions are practically adapted to that end or not. In our opinion, that is beyond any power with which courts are invested. In summary proceedings to divest owners of title to their property, the law is to be construed strictly, and nothing is allowed to be taken by intendment merely. The city tax act does not authorize judg-

ment to be rendered without the presentation of a report of
the delinquent property, nor does it authorize the county col-
lector to present the report of the city collector, as made to
him, and have judgment upon that.      It does not, as seems to
be supposed, authorize him to present a report verified by affi-
davit, " *as near as may be*," as required by the general reve-
nue law.      That qualifying phrase only occurs in the clause in-
vesting the county court with jurisdiction to hear the applica-
tion, and directs that it shall proceed " as near as may be, as
upon application for judgment for State and county taxes ;"
and has no reference whatever to the steps to be taken by the
county collector, which are defined in a preceding clause.  Nor
does the act prescribe what kind of report shall be presented
by the county collector for the purpose of obtaining judgment,
nor how any such report which he may present shall be veri-
fied.      It is framed upon the hypothesis that the duties of the
county collector in these respects are clearly and sufficiently
defined, by the general revenue law, and allows neither the
collector nor the courts any discretion upon the question.      It
must necessarily follow, therefore, if this hypothesis is not well
founded, and the requirements of that act, being strictly fol-
lowed, leave it impossible for the county collector to make the
report and affidavit required by the general revenue law, the
fault is in the law, and the remedy must be sought in the legis-
lature, which alone is invested with power to amend the law.

The affidavit of the county collector, as required to be made
by the general revenue law, in our opinion, clearly implies
that he had legal authority to collect, and that his inability to
do so, has resulted from his being unable to obtain that from
which collection could be made.      The language employed, in
itself, would seem to imply this.      In addition to this, however,
it is evident, if there were no authority to collect, the affidavit
would be wholly useless, since its sole office is to establish,
*prima facie*, the delinquency of the tax payer, and this re-
quires that he should have failed in his duty to pay.      The
county collector is designated as the officer as to whom he is

to be shown as having been delinquent, yet if the county col-
lector had no authority to receive, as is to be inferred from
the affidavit filed, it is impossible that the tax payer could have
owed any duty to pay him, and so his delinquency could not
possibly be established by simply showing the county collect-
or's inability to collect.

The affidavit, as filed, departs materially from the language
required by the law, and conveys an entirely different mean-
ing. This we regard as a failure to comply with the law in
a respect which was vital to the jurisdiction of the court.

Nor do we think that section one hundred and ninety-one
of the general revenue law, as amended by the act approved
May 30, 1873, does, as claimed, obviate the objection. The
portion of that section claimed to have this effect is as follows :
" In all judicial proceedings of any kind, for the collection of
taxes and special assessments, all amendments may be made
which, by law, could be made in any personal action pending
in such court, and no assessment of property or charge for any
of said taxes shall be considered illegal on account of any ir-
regularity in the tax lists or assessment rolls, or on account of
the assessment rolls or tax lists not having been made, com-
pleted or returned within the time required by law, or on ac-
count of the property having been changed or listed in the
assessment or tax list without name, or in any other name
than that of the rightful owner; and no error or informality
in the proceedings of any of the officers connected with the
assessment, levying or collecting of the taxes, not affecting the
substantial justice of the tax itself, shall vitiate, or in any
manner affect the tax or the assessment thereof; and any ir-
regularity or informality in the assessment rolls or tax lists,
or in any of the proceedings connected with the assessment or
levy of such taxes, or any omission or defective act of any
officer or officers connected with the assessment or levying of
such taxes, may be in the discretion of the court corrected,
supplied and made to conform to law by the court, or by the

person, in the presence of the court, from whose neglect or default the same was occasioned."

Broad and comprehensive as this language is, it cannot be held to authorize the courts to waive a substantial compliance with those steps which are essential to give jurisdiction.

The reasonable construction is, amendments shall be allowed to the same extent with regard to such proceedings, that they could be allowed in any and all personal actions in the court ; and mere technical or formal errors and irregularities shall not affect the validity of the tax or assessment.   When, therefore, the record is defective and the facts do not authorize an amendment to be made so as to make it conform to the requirements of the law, the question is whether the defect is one of substance or merely of form.   If the former, it is not aided by the section—if the latter, it is.

We can but regard the statement of the valuation of the property upon which the tax was extended in the report or return of the collector, and the oath or affidavit required to accompany his report or return, as substantial requirements, and that the rights of tax payers might, in many instances, be materially prejudiced by their omission.   No attempt was made to amend the record, in these respects, and make it conform to the requirements of the law, and, in our opinion, it was impossible that such amendments could have been made in conformity with the facts.

We express no opinion upon the other questions which are discussed in the briefs before us, inasmuch as what has been said is sufficient to affirm the judgment below.

*Judgment affirmed.*